IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

LYNN MALASPINA,

      Plaintiff,                             13cv1695
                                              **ELECTRONICALLY FILED**

      v.

UPMC COMMUNITY MEDICINE, INC.,

      Defendant.

## MEMORANDUM ORDER RE: DEFENDANT'S MOTION FOR PROTECTIVE ORDER (DOC. NO. 26)

      This case centers on alleged workplace discrimination based upon a hearing disability in violation of the Americans with Disabilities Act ("ADA") and Pennsylvania Human Relations Act ("PHRA") and retaliation for requesting a reasonable accommodation under the same. Doc. Nos. 1 and 22. Discovery closes on July 21, 2014. Doc. No. 15. Presently before this Court is Defendant's Motion for Protective Order in which Defendant moves this Court to find that Defendant is protected from producing Marianne Malloy, Defendant's in-house attorney, for deposition in this action pursuant to Federal Rule of Civil Procedure 26(c). Doc. No. 26. Plaintiff opposes this Motion. It has been fully briefed and is ripe for disposition. Doc. Nos. 27-30.

      Plaintiff's claims of discrimination center on Defendant's alleged failure to allow her to use a telecommunications relay equipment ("TRS") to combat her hearing disability, which Plaintiff argues was a reasonable accommodation under the ADA. Doc. No. 22. Defendant contends that use of the TRS system would have exposed it to potential liability under the Health Insurance Portability and Accountability Act, 29 U.S.C. § 1181 ("HIPAA") because the TRS

system involves a third-party operator who would necessarily have access to otherwise confidential medical information.  Doc. No. 27, 2.  Presently at issue is whether Attorney Malloy was a decision-maker in denying Plaintiff's accommodation or merely gave legal advice protected by attorney-client privilege.

Federal Rule of Civil Procedure 26(c) permits parties to seek protection from discovery of privileged matters.  Defendant contends that it should be protected from Attorney Malloy's deposition because Attorney Malloy's involvement in the case is safeguarded by attorney-client privilege.  Defendant concedes that such privilege is waived where the advice of counsel is placed in issue.  Doc. No. 27, 6.

The Court finds that attorney-client privilege has been waived because Defendant's defense (and by implication, Plaintiff's case) relies on its contention that Plaintiff's requested accommodation violates HIPAA.  Attorney Malloy allegedly advised UPMC's employees not to provide the accommodation to such an extent that Attorney Malloy became a decision-maker in this employment case.  Defendant contests that this occurred.  Actions taken/not taken in regards to the TRS system because of HIPAA is an issue that has been raised by Defendant and must be resolved because it is ultimately a question of fact for the fact-finder.  Therefore, Attorney Malloy's advice about/actions related to the TRS system are at issue in this case and are not protected by attorney-client privilege.

Therefore, this 14th day of July, 2014, IT IS HEREBY ORDERED THAT Defendant's Motion for Protective Order (Doc. No. 26) is **DENIED**.

                                              s/ Arthur J. Schwab
                                              Arthur J. Schwab
                                              United States District Judge

cc:     All Registered ECF Counsel and Parties