IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

LYNN MALASPINA,

    Plaintiff,

v.

UPMC COMMUNITY MEDICINE, INC.,

    Defendant.

13cv1695
**ELECTRONICALLY FILED**

## MEMORANDUM ORDER OF COURT RE: DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (DOC. NO. 35)

**I.    Introduction**

This case centers on alleged discrimination in employment and retaliation in violation of the Americans with Disability Act ("ADA"). Plaintiff, Lynn Malaspina, has alleged causes of action for discrimination and failure to accommodate her hearing disability in violation of the ADA (Count I); retaliation in violation of the ADA (Count II); and these same claims in violation of the Pennsylvania Human Relations Act (Count III). Doc. No. 22. Presently before this Court is a Motion for Summary Judgment filed by Defendant, in which Defendant moves this Court to enter judgment in its favor on all counts of the Amended Complaint. Doc. No. 35. Plaintiff opposes this Motion in its entirety. Doc. No. 41. The Motion has been fully briefed and is ripe for disposition. After consideration of the Motion, brief in support thereof, brief in opposition thereto, and the Parties' statements of material facts and exhibits (Doc. Nos. 35-38, 41-45), the Court will deny Defendant's Motion for Summary Judgment. The case will proceed to trial, which is scheduled to begin on December 8, 2014. Doc. No. 16.

## II. Standard of Review

The Court shall grant summary judgment if, drawing all inferences in the light most favorable to the non-moving party, "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Melrose, Inc. v. Pittsburgh*, 613 F.3d 380, 387 (3d Cir. 2010); *Manolovich v. Park*, 461 Fed. Appx. 187, 190 (3d Cir. 2012).

A fact is "material" if proof of its existence or non-existence might affect the outcome of the suit under applicable law. *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 248, (1986); *see also Smith v. Borough of Dunmore*, 516 Fed. Appx. 194, 200 (3d Cir. 2013). Disputes must be both (1) material, meaning concerning facts that will affect the outcome of the issue under substantive law, and (2) genuine, meaning there is sufficient evidence supporting the claimed factual dispute "to require a jury or judge to resolve the parties' differing versions of the truth at trial." *In re Lemington Home for Aged*, 659 F.3d 282, 290 (3d Cir. 2011); *see also S.H. ex rel. Durrell v. Lower Merion School Dist.*, 729 F.3d 248 (3d Cir. 2013).

A party moving for summary judgment has the initial burden of supporting its assertion that fact(s) cannot be genuinely disputed by citing to particular parts of materials in the record – *i.e.*, depositions, documents, affidavits, stipulations, or other materials – or by showing that: (1) the materials cited by the non-moving party do not establish the presence of a genuine dispute, or (2) that the non-moving party cannot produce admissible evidence to support its fact(s). Fed. R. Civ. P. 56(c)(1). The moving party may discharge its burden by "pointing out to the district court" the "absence of evidence to support the nonmoving party's case" when the non-moving party bears the ultimate burden of proof for the claim in question. *Conoshenti v. Public Service*

*Elec. & Gas Co*, 364 F.3d 135, 140 (3d Cir. 2004) (quoting *Singletary v. Pennsylvania Dept. of Corrections*, 266 F.3d 186, 192 n. 2 (3d Cir. 2001)).

Conversely, in order to defeat a motion for summary judgment, the non-moving party must support its assertion that fact(s) are genuinely disputed by citing to particular parts of materials in the record, or by showing that: (1) the materials cited by the moving party do not establish the absence of a genuine dispute, or (2) the moving party cannot produce admissible evidence to support its fact(s). Fed. R. Civ. P. 56(c)(1). When determining whether there are any genuine issues of material fact, all inferences should be drawn in favor of the non-moving party. *Gallup v. Clarion Sintered Metals, Inc.*, 489 Fed. Appx. 553, 555 (3d Cir. 2012); *Berckeley Inv. Group, Ltd. v. Colkitt*, 455 F.3d 195, 201 (3d Cir. 2006).

In reviewing a motion for summary judgment, the court does not make credibility determinations, and summary judgment is "inappropriate when a case will turn on credibility determinations." *El v. Southeastern Pennsylvania Transp. Authority*, 479 F.3d 232 (3d Cir. 2007).

### III. Statement of the Facts

The following material facts are undisputed by the Parties:

Plaintiff is a registered nurse, who had worked for Defendant in various positions for over 10 years. Doc. No. 45, ¶¶ 1,4. Plaintiff has a hearing impairment that substantially affects her hearing. Id. at ¶ 2. Plaintiff used a telephone amplifier in at least one of her positions. Id. at ¶ 7. As early as 2009, Plaintiff received performance reviews that included marginal performance in "Communications." Id. at ¶¶ 8-10. She is a disabled individual as defined in the ADA. Id. at ¶ 2.

In August 2011, Plaintiff began employment as the office Registered Nurse ("RN") at the Burrell Medical Center. Id. at ¶ 11. The Burrell Medical Center is a family practice and consisted of Plaintiff, the office assistant, three medical assistants, and the physician. Id. at ¶ 13. Plaintiff was supervised by Pamela Newell, a Practice Group Manager. Id. at ¶ 12. Communication with patients, pharmacies, and physicians, in person and by telephone, were part of Plaintiff's job duties. Id. at ¶ 14. Plaintiff's hearing impairment limited her ability to hear telephone conversations and in-person conversations when the speaker was not facing her. Id. at ¶ 15. Patients complained to the physician about Plaintiff's hearing. Id. at ¶¶16-17.

In January 2012, Newell promoted Plaintiff to a clinical administrator role because she believed that Plaintiff had good job performance. Id. at ¶ 22. The following month, Plaintiff requested a quieter work area from WorkPartners, a UPMC-affiliated company that handles medical issues relating to employees of UPMC-affiliated entities. Id. at ¶¶ 25, 26. During this same time period, the physician at Burrell Center and a patient complained about the effects of Plaintiff's hearing impairment. Id. at ¶¶ 31-32.

Afterwards, a WorkPartners' employee, Anna Marie Saporito, met with Plaintiff and her supervisor in an attempt to improve her communications. Id. at ¶¶ 41-42. Plaintiff was also evaluated by Dr. Reva Rossman, an Audiologist at the University of Pittsburgh School of Health and Rehabilitation Services. Id. at ¶ 44. Dr. Rossman met with Plaintiff, her supervisor, and Saporito to assess what accommodations could be made. Id. at ¶ 46. Dr. Rossman made several recommendations including different hearing aids, communication strategies, a closed room with limited noise exposure for telephone calls, and a CapTel captioned telephone. Id. at ¶¶ 47-48, 50.

Defendant made some of the recommended changes. Defendant moved Plaintiff's work space to another location and made changes to reduce acoustics. Id. at ¶ 39. Plaintiff was provided with an amplified headset to use during telephone conversations and a digital blood pressure monitor so that she could take a patient's blood pressure without using her hearing. Id. at ¶¶ 35, 36. Plaintiff obtained different hearing aids. Id. at ¶47. Defendant's employees and physicians were instructed to speak to Plaintiff slowly and face-to-face. Id. at ¶ 37. Plaintiff had a handheld amplifier to use for in-person communications. Id. at ¶ 38. Around the same time, a new telephone system was installed as part of renovations at the Medical Center. Id. at ¶ 51. The new system allowed a user to amplify the sound. Id. at ¶ 52.

Defendant did not make some of the recommended changes, including the CapTel device. The CapTel device allows a hearing impaired person to read a transcription of the telephone conversation, which is done by a CapTel employee who is also on the telephone line. Id. at ¶ 53. Plaintiff testified that she could not use the telephone at work if it was not a captioned telephone. Id. at ¶ 56. WorkPartners researched captioned telephones. Id. at ¶ 57. Ultimately, the decision was made not to implement the CapTel device because of concerns whether the involvement of an operator on the call would violate privacy provisions of the Health Insurance Portability and Accountability Act ("HIPAA"). Id. at ¶¶ 58-63.

The difficulties with Plaintiff's communications continued. Id. at ¶ 65. In September 2012, Plaintiff was placed with a new doctor to see if the employment arrangement would be more successful. Id. at ¶ 65. The doctor expressed concerns with Plaintiff's hearing. Id. On November 13, 2012, the practice's main physician went to the Executive Director with his concerns about Plaintiff's hearing and concerns that had been expressed by three patients. Id. On November 16, 2012, Plaintiff was removed from clinical patient responsibilities. Id. at ¶ 66.

She was given a temporary job that did not involve direct patient interaction. Id. Plaintiff and WorkPartners continued to attempt to find other job opportunities for Plaintiff. Id. at ¶ 67.

On December 28, 2012, Plaintiff was informed that her temporary job and employment at Burrell Medical Center would end on January 31, 2013. Id. at ¶ 68. Plaintiff began working as a Medical Records Abstractor in February 2013. Id. at ¶ 69. The compensation for this job was significantly less than Plaintiff's previous salary. Id. In February 2014, Plaintiff resigned this position to take a job as an Outpatient Nurse with Allegheny Health Network. Id. at ¶ 70.

The following material facts are in dispute: the extent of patients' complaints about Plaintiff's hearing impairment; whether patients threatened to leave the Burrell Medical Center because of Plaintiff's hearing impairment; any disruption or risk to the practice caused by Plaintiff's impairment; whether Defendant refused to provide some accommodations (ex. use of an empty office to make telephone calls); the sufficiency of accommodations that were made; whether the requested captioned telephone violated HIPAA; and who made the decision not to provide a captioned telephone.

Plaintiff also sets forth 146 statements of material fact. Doc. No. 45, ¶P1-¶P146. These additional facts include that: employees made comments about potential litigation over the matter when making accommodation decisions; Plaintiff believed that her supervisor was mocking her hearing impairment; Plaintiff's supervisor believed that Plaintiff's only deficiencies were due to her disability; Plaintiff was dissuaded from applying for nursing positions because of her hearing disability; Plaintiff was told that she should leave UMPC; one of Defendant's employees told a recruiter that she would not hire Plaintiff back and that Plaintiff was in litigation with UPMC; and the same employee told Plaintiff that if an employee filed a lawsuit

against a former employer, "that would be a huge deterrent for me hiring someone."  Doc. No. 45.

IV.     **Discussion**

Defendant moves this Court to enter judgment in its favor on all three of Plaintiff's claims.  Doc. No. 35.  The Parties agree that Plaintiff has a hearing impairment, she worked at Burrell Medical Center, her job performance was affected by her hearing impairment, Defendant made several changes to her work environment in an attempt to limit the effects of her hearing impairment, Defendant did not make some of the recommended changes, and Plaintiff was terminated from her RN position.  Little else is agreed upon.

Plaintiff has presented sufficient evidence to advance her claims because a reasonable jury could find for her based upon the evidence of record.  Further, there are fundamental disputes as to facts that may influence a jury's verdict in this case.  For example, based upon the evidence of record and necessary credibility determinations, a jury could find for either Plaintiff or Defendant as to the following:

- Whether Plaintiff's hearing impairment caused patient safety concerns;
- Whether Plaintiff could perform her essential job duties with reasonable accommodations;
- Whether Defendant made sufficient reasonable accommodations;
- Whether the CapTel telephone was a reasonable accommodation that should have been provided to Plaintiff; and
- Whether Plaintiff was terminated because of her requested accommodations and/or litigation.

Determinations of these material facts are central to a jury's verdict. As such, summary judgment is not appropriate. Therefore, the following Order is entered:

**V.	Order**

AND NOW, this 30th day of September, 2014, IT IS HEREBY ORDERED THAT Defendant's Motion for Summary Judgment (Doc. No. 35) is **DENIED**. The case will proceed to trial as set forth in the Court's Pretrial Order. Doc. No. 16.

s/ Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc:	All Registered ECF Counsel and Parties